**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4473**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALMA MORALES-VEGA,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:08-cr-00051-AW-4)

Submitted: May 27, 2010                Decided: August 20, 2010

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nardine M. Guirguis, GUIRGUIS LAW, PA, Raleigh, North Carolina, for Appellant. Rod J. Rosenstein, United States Attorney, Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alma Morales-Vega appeals her jury conviction and 210-month sentence for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006). Morales-Vega asserts that: (i) the evidence was insufficient to convict her of the charged conspiracy; (ii) the district court erred when it admitted transcripts of conversations between her alleged co-conspirators; and (iii) the district court erred when it failed to grant her a mistrial or order a new trial. Finding no reversible error, we affirm.

To convict Morales-Vega of being involved in a conspiracy to distribute cocaine, the Government was required to establish that: (i) an agreement to distribute cocaine existed between two or more persons; (ii) Morales-Vega knew of the conspiracy; and (iii) she knowingly and voluntarily became a part of the conspiracy. See United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008). It is "elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). We have reviewed the record and Morales-Vega's assertions and find that the Government's evidence is sufficient to support her conviction.

2

We reject Morales-Vega's assertion that the district court erred when it admitted into evidence transcripts of recorded conversations between her co-conspirators. For a statement to be admissible under Fed. R. Evid. 801(d)(2)(E), there "must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy." Bourjaily v. United States, 483 U.S. 171, 175 (1987) (internal quotation marks and citation omitted). Accordingly, when the government shows by a preponderance of the evidence that (i) a conspiracy existed of which the defendant was a member, and (ii) the co-conspirators' statements were made in furtherance of the conspiracy, the statements are admissible. United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996); United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992).

We find that the Government's evidence amply demonstrated that a conspiracy to distribute cocaine existed between Fall 2007 and Winter 2008 and that Morales-Vega was a member of that conspiracy. Moreover, we find that the admitted statements were made in furtherance of the conspiracy; all of the statements that were admitted by the district court and that are challenged by Morales-Vega on appeal pertained to the declarants' desire and efforts to obtain or ability to supply cocaine for distribution. Accordingly, we find that the

3

district court did not err when it allowed the Government to introduce into evidence transcripts of recorded conversations between the conspiracy's participants.

Last, Morales-Vega asserts that the district court erred when it did not: (i) declare a mistrial after receiving a letter purporting to be from one of Morales-Vega's co-conspirators, and which alleged that Morales-Vega only reluctantly participated in the conspiracy for which she was ultimately convicted; or (ii) order a new trial under Fed. R. Crim. P. 33(a). We find that the district court correctly observed that the letter — which was received by the district court while the jury was deliberating — was undated and appeared to be written by one individual, but signed by another. Moreover, the letter does not necessarily exculpate Morales-Vega. To the contrary, the letter actually confirms that she was involved in the drug trade with the co-conspirator, although it asserts that she participated with reservation. Accordingly, we find that the district court did not abuse its discretion by failing to grant Morales-Vega a mistrial based on the co-conspirator's letter. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (reviewing district court's order denying a motion for mistrial for an abuse of discretion).

To warrant a new trial under Rule 33 based on newly discovered evidence, Morales-Vega was required to show that: (i)

the letter and information contained therein was newly discovered; (ii) she used due diligence to secure the evidence previously; (iii) the evidence is not merely cumulative or impeaching; (iv) the evidence is material; and (v) the evidence would probably result in an acquittal at a new trial. United States v. Lofton, 233 F.3d 313, 318 (4th Cir. 2000). Unless the defendant can satisfy all five of these factors, the motion should be denied. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). Because Morales-Vega did not establish due diligence in trying to secure the information contained in the letter and, in any event, the letter would not likely result in an acquittal if a new trial were held, Morales-Vega was not entitled to a new trial.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED